**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Orbie Dale CHAMBLISS, Defendant–Appellant.**

**No. 06–50031**
**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 24, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

---

Thomas S. Morgan, Law Office of Thomas S. Morgan, Midland, TX, for Defendant–Appellant.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Orbie Dale Chambliss appeals his convictions for conspiracy to distribute 50 grams of methamphetamine and possession with intent to distribute methamphetamine. He argues that his counsel rendered ineffective assistance by failing to seek suppression of inculpatory statements Chambliss made prior to his arrest.

A claim of ineffective assistance generally will not be considered for the first time on direct appeal. *United States v. Lampazianie*, 251 F.3d 519, 527 (5th Cir.2001). "[I]neffective-assistance claims ordinarily will be litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial." *Massaro v. United States*, 538 U.S. 500, 504–05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *see also United States v. Chavez–Valencia*, 116 F.3d 127, 133–34 (5th Cir.1997) (declining to review claim that counsel was ineffective for failing to file motion to suppress).

We conclude that a motion brought under 28 U.S.C. § 2255 would be preferable to direct appeal for deciding Chambliss's claim. *See Massaro*, 538 U.S. at 504–05, 123 S.Ct. 1690. Accordingly, without prejudice to Chambliss's right to file a motion

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

---

pursuant to § 2255, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.